UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK MORGAN,**

      Plaintiff,

v.

**CITY OF SOUTHFIELD,** a Municipal Corporation,
**SOUTHFIELD POLICE DEPARTMENT,**
Southfield Police Officer **SHAWN IRWIN** and
Southfield Police Officer **MARK CREW,** acting
under the color of law, Jointly and Severally,

      Defendants.

Case No.
Hon.

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION

NOW COME Defendants, **CITY OF SOUTHFIELD, SOUTHFIELD POLICE DEPARTMENT, SHAWN IRWIN** and **MARK CREW,** by and through their attorneys, **SEWARD HENDERSON PLLC**, and in support of their Notice of Removal of Action, hereby states as follows:

    1.    Defendant City of Southfield was served on May 5, 2025, via mail. Defendant Crew was served on May 16, 2025. Defendant Irwin acknowledged and accepted service on May 30, 2025.

    2.    The Complaint, filed in the Circuit Court for the County of Oakland alleges in part that Plaintiff's constitutional rights were violated. Specifically,

Plaintiff alleges that his Fourth and Fifth Amendment rights were violated. (Exhibit 1, Complaint)

3.  The relevant allegations involving claims arising under the Constitution and laws of the United States, are within the original jurisdiction of the United States District Court.

4.  Pursuant to 28 U.S.C. § 1331 and § 1441, removal of this action from State Court to the United States District Court is proper.

WHEREFORE, Defendants, **CITY OF SOUTHFIELD, SOUTHFIELD POLICE DEPARTMENT, SHAWN IRWIN** and **MARK CREW,** pray that this Honorable Court grant this Petition for Removal of Action.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ Kali M .L. Henderson (P76479)
*Attorneys for Defendants*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
Dated: May 30, 2025           E: khenderson@sewardhenderson.com


## CERTIFICATE OF SERVICE

I hereby certify that on **Friday, May 30th, 2025,** I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will send notice to the following: *All Parties and Attorneys of Record.* I also served the same upon Plaintiff's counsel via certified mail.

<div style="text-align: right">

/s/Kaylee Wilson
**SEWARD HENDERSON PLLC**

</div>

# EXHIBIT 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

MARK MORGAN,

 Plaintiff,

-v-

Case No.: 25-212388-NO
Hon. Kwame L. Rowe

CITY OF SOUTHFIELD, a Municipal Corporation, SOUTHFIELD POLICE DEPARTMENT, and Southfield Police Officer SHAWN IRWIN and Southfield Police Officer MARK CREW, acting under the color of law, Jointly and Severally,

 Defendants.
_____/
Walter L. Starghill III, P85088
RET Law Group, P.L.L.C.
Attorney for Plaintiff
26677 W 12 Mile Road
Southfield, MI 48034
248.910.9576
Walter@retlawgroup.com
_____/

## PLAINTIFF'S AMENDED COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 2.113(C)(2)(a).

/s/ Walter L. Starghill, III

Plaintiff, Mark Morgan, by and through his attorney, Walter L. Starghill, III, states the following for his Complaint against the above-named Defendants:

### JURISDICTION

1

1. At all times relevant, Plaintiff Mark Morgan (hereafter "Plaintiff" and/or "Mark") was a resident of the City of Southfield, County of Wayne, State of Michigan.

2. At all times relevant and upon information and belief, Defendants Officers Shawn Irwin ("Irwin") and Mark Crew ("Crew") conducted business in the City of Southfield, County of Wayne, State of Michigan, employed as a City of Southfield police officer by Defendants City of Southfield and the Southfield Police Department.

3. At all times relevant, Defendant City of Southfield ("City of Southfield") is a municipal corporation located in Wayne County, Michigan, and among other services, it provides to its residents a police agency, namely the Defendant Southfield Police Department ("SPD"), which acts under the color of Michigan and municipal law.

4. At all times relevant, Defendants City of Southfield and the SPD were the employers for Defendants Officers Irwin and Crew.

5. The violations committed by Defendants Irwin and Crew were all committed while they were acting within the course and scope of their employment with Defendants City of Southfield and the SPD.

6. Defendants, who are comprised of current government employees of the City of Southfield Police Department, acting in their respective individual capacities, under the color of law, individually and collectively, acted in concert to deliberately deprive Plaintiff of his civil rights secured by the United States Constitution (4th Amendment) and the Michigan State Constitution, by subjecting Plaintiff to an unwarranted seizure, and depriving him of liberty without due process of law.

7. Defendants are not immune from suit by governmental immunity for the claims herein. Qualified immunity shields government officials from civil liability when performing discretionary functions if their actions do not violate clearly established statutory or

constitutional rights. Here, Defendants' actions were in clear violation of their well-established rights under the U.S. Constitution, the Michigan Constitution, and relevant statutes.

8. The acts, transactions, occurrences, and/or omissions occurred within the City of Southfield, County of Wayne, State of Michigan.

9. The amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars, excluding interest, costs and attorney fees.

## FACTUAL ALLEGATIONS

10. On January 27, 2023, Plaintiff was hosting a guest at his apartment located at The Lakes Apartments in Southfield, Michigan.

11. At or around 1:00 am on said date, Plaintiff's evening was interrupted by an unannounced visit from a woman with whom plaintiff is acquainted.

12. Plaintiff respectfully asked the woman to vacate his premises as he did not wish to interact with her at that moment. Despite plaintiff's respectful request, the woman refused to leave.

13. Plaintiff retreated to the safety of his residence but had to endure repeated yelling from the woman who was simultaneously banging on his door and screaming his name.

14. To avoid further embarrassment, plaintiff called the woman's mother of to assist in calming the situation. When all of the mother's attempts to calm her daughter failed, she dialed 911 and reported the incident to the Southfield Police Department.

15. Upon hearing that the police had been called the woman exited the premises. Plaintiff stood outside his apartment in anticipation of the police's arrival.

16. Upon their arrival, Defendants Irwin and Crew questioned Plaintiff about his identity and about

3

the incident that precipitated the 911 call. Plaintiff narrated the incident to Defendants Irwin and Crew and informed them that the woman whose disturbance was the cause of the 911 call had exited the premises.

17. Defendants Irwin and Crew requested Plaintiff's residential address. Plaintiff refused to comply as his conduct was not the subject of the 911 call and he had not said or done anything to give Defendants Irwin & Crew reasonable suspicion or probable cause to enter his premises.

18. Upon information and belief, Plaintiff believed that the State of Michigan is not a "Stop and ID" state and that police in Michigan could not demand his identification information without reasonable suspicion or probable cause.

19. Without informing plaintiff that he was under arrest, Defendants Irwin and Crew handcuffed plaintiff, detained Plaintiff in their patrol vehicle, and approached his apartment.

20. Plaintiff did not pose an immediate threat of harm to Defendants Irwin and Crew or any bystanders that could have justified his detention in the police patrol vehicle.

21. Plaintiff did not pose any risk of flight that could have justified his detention in the police patrol vehicle, since he was not the cause of the disturbance and had been involved in inviting the police to deescalate the situation.

22. Without plaintiff's consent and without reasonable suspicion or probable cause, Defendants Irwin and Crew entered plaintiff's apartment with the permission of Mr. Morgan's guest who was in Plaintiff's apartment.

23. Upon entry, the guest gave Defendants Irwin and Crew an eyewitness account of the disturbance that caused the 911 call and informed them that Plaintiff was not the cause of the disturbance.

24. Despite being given an accurate account of the incident by Plaintiff and receiving eyewitness

4

25. corroboration from the guest, Defendants Irwin and Crew arrested Plaintiff and took him down to the Southfield police station.

25. Plaintiff's pleas to officers to allow him to secure his apartment to ensure the safety of his belongings and pet were not heeded by Defendants Irwin and Crew.

26. Upon arrival at the police station, plaintiff was detained for approximately 3 hours and was never given an explanation for his arrest and detention.

27. After about 3 hours of detention, Plaintiff was released, and no charges were subsequently brought against him.

28. Defendants Irwin and Crew did not have a justifiable reason for detaining Plaintiff for several hours without explanation, and refusing to allow him to secure his residence, thereby putting his residence, possessions, and pet at risk of theft and destruction.

29. Plaintiff did not commit, nor was he charged with, any crimes or offenses relating to the underlying incident which precipitated the 911 call to the SPD.

30. As a direct and proximate result of the wrongful arrest and detention by Defendants Irwin and Crew, Plaintiff's Fourth Amendment right to protection against unreasonable searches and seizures, fifth amendment right to a Miranda warning and right to counsel, right to privacy, and freedom of movement were violated. Plaintiff also suffered emotional distress as a result of this ordeal.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Vicarious Liability of Defendant Southfield Police Department**

31. The foregoing allegations are re-alleged and incorporated herein.

32. That at all times relevant to this case, Defendants Irwin and Crew were acting as agents and or employees of Southfield Police Department, either real or ostensible.

33. That Defendant Southfield Police Department as a principal, master or employer is liable for the negligent acts and omissions of its agents and or employees.

34. That Plaintiff Mark Morgan, suffered damages as a direct and proximate result of negligence and or intentional acts of Defendants Irwin and Crew acting as agents, servants, or employees of Defendant, Southfield Police Department.

35. That Defendant Southfield Police Department is vicariously liable for the acts and omissions of its agents, servants, employees, and individuals acting pursuant to an ostensible agency relationship during the course and scope of their employment pursuant to the doctrine of respondeat superior.

36. That the acts of negligence and or intentional acts performed by Defendants Irwin and Crew, set forth herein with more specificity were committed by and through its duly authorized, agents, servants or employees who acted in the course and scope of their employment and/or agency when the acts of negligence and or intentional acts were committed, thereby imposing vicarious liability upon Defendant Southfield Police Department, by reason of the doctrine of respondeat superior.

37. That Plaintiff Mark Morgan, suffered as a direct and proximate result of the negligence and or intentional acts of Defendants Irwin and Crew, acting as agents, servants, or employees of Defendant, Southfield Police Department incurring the following specific damages, including but not limited to:

    a. Emotional distress
    b. Mental anguish
    c. Shock, embarrassment and humiliation
    d. Injury to professional reputation within the community leading to pecuniary loss.
    e. Temporary loss of ability to work

      f. Temporary loss of wages
      g. Any and all other damages that are allowable by stature and may become known through discovery.

Wherefore, Plaintiff prays for judgment against Defendant, Southfield Police Department, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus interest, cost and attorney fees.

## SECOND CLAIM FOR RELIEF

**Violation of Rights Under the Fourth Amendment, Fifth Amendment, and Michigan Constitution.**

(Against all defendants)

38. The foregoing allegations are re-alleged and incorporated herein.

39. Defendants Irwin and Crew violated Plaintiff's rights under the Fourth Amendment and under Article I § 11 of the Michigan Constitution to be free from unreasonably invasive or prolonged investigatory detention in the absence of reasonable cause by arresting him and causing him to be jailed without a warrant or probable cause to support his arrest, and by entering his residence without consent or probable cause.

40. In doing so, Defendants relied on an invalid basis— Plaintiff's refusal to answer questions about the location of his apartment—to arrest him.

41. Defendants intentionally interfered with Plaintiff's rights under the Fifth Amendment by arresting and detaining him without informing him of the reason for his arrest or his Miranda rights.

42. Defendant City, through the Southfield Police Department, maintains a policy, custom, or practice of requiring individuals they detain to answer questions about their identity, even when they are detained absent reasonable suspicion, and of arresting such individuals for violation of Michigan Code of Criminal Procedure § 764.15 when they decline to identify themselves to the satisfaction of police officers.

43. Defendants Irwin and Crew acted pursuant to the Southfield Police Department's unlawful policy, custom, or practice when they unreasonably detained Plaintiff and arrested him for violation of Michigan Code of Criminal Procedure § 764.15.

44. The City of Southfield fails to adequately train the officers on lawful investigations and proper use of police arrest and detention powers and also fails to supervise and manage Southfield Police Department officials.

45. The City of Southfield Police Department ("SPD") has a historical pattern or practice of conduct by SPD law enforcement officers that deprives citizens of rights, privileges and immunities secured or protected by the Constitution or laws of the United States and State of Michigan.

46. Defendant City, through Defendants Irwin and Crew, inflicted personal injury, emotional distress, reputation damage, and caused employment issues for Plaintiff by subjecting him to false arrest and imprisonment and unreasonable seizure.

Wherefore, Plaintiff prays for judgment against Defendant, Southfield Police Department, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus interest, cost and attorney fees.

## THIRD CLAIM FOR RELIEF

### Unlawful Arrest

(Against All Defendants)

47. The foregoing allegations are re-alleged and incorporated herein.

48. Although the Michigan Code of Criminal Procedure authorizes police officers to carry out arrests, Section 764.15 of the code delineates the specific circumstances in which such arrests can be carried out.

49. None of the circumstances and exceptions listed in Section 764.15 of the Michigan Code of

8

Criminal Procedure were applicable to and could have justified Defendants' arrest and detention of Plaintiff without an explanation of why he was arrested.

50. Refusal to provide an address to a police officer when one is neither under arrest nor subject to a probable cause search is neither a felony nor a misdemeanor in the State of Michigan.

51. Plaintiff's arrest without probable cause or reasonable suspicion therefore violates Section 764.15 of the Michigan Code of Criminal Procedure.

52. That Plaintiff Mark Morgan, suffered as a direct and proximate result of the unlawful arrest by Defendants Irwin and Crew, acting as agents, servants, or employees of Defendant, Southfield Police Department incurring the following specific damages, including but not limited to:

   a. Emotional distress
   b. Mental anguish
   c. Shock, embarrassment and humiliation
   d. Injury to professional reputation within the community leading to pecuniary loss.
   e. Temporary loss of ability to work
   f. Temporary loss of wages
   g. Any and all other damages that are allowable by stature and may become known through discovery.

Wherefore, Plaintiff prays for judgment against Defendant, Southfield Police Department, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus interest, cost and attorney fees.

## FOURTH CLAIM FOR RELIEF

### False Imprisonment

(Against All Defendants)

53. The foregoing allegations are re-alleged and incorporated herein.

54. Defendant City, through Defendants Irwin and Crew subjected Plaintiff to false imprisonment in violation of Section 750.349(b) of the Michigan Code of Criminal

Procedure which states that a person commits the crime of unlawful imprisonment if he or she knowingly restrains another person by means of a weapon or dangerous instrument.

55. Defendants Irwin and Crew arrested and detained Plaintiff without probable cause and the arrest was effected while both officers were armed with their official police firearms.

56. That Plaintiff Mark Morgan, suffered as a direct and proximate result of the false imprisonment by Defendants Irwin and Crew, acting as agents, servants, or employees of Defendant, Southfield Police Department incurring the following specific damages, including but not limited to:

   a. Emotional distress
   b. Mental anguish
   c. Shock, embarrassment and humiliation
   d. Injury to professional reputation within the community leading to pecuniary loss.
   e. Temporary loss of ability to work
   f. Temporary loss of wages
   g. Any and all other damages that are allowable by stature and may become known through discovery.

Wherefore, Plaintiff prays for judgment against Defendant, Southfield Police Department, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00), plus interest, cost and attorney fees.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays:

A. That a Judgment be issued in favor of Plaintiffs, against Defendants, both individually and collectively, jointly and severally;

B. That a Judgment and appropriate award of compensatory damages, in excess of $25,000.00, be entered against Defendants, jointly and severally;

C. That a Judgment for an award of punitive damages be entered against Defendants, jointly and

severally; and,

D. An appropriate award of reasonable attorney fees and legal costs be entered against Defendants, jointly and severally.

Dated: January 26, 2025

Respectfully submitted,

/s/Walter L. Starghill III
Walter L. Starghill III, Esq.
RET Law Group, P.L.L.C.
Attorney for Plaintiff
26677 W 12 Mile Road
Southfield, MI 48034
248.910.9576
Walter@retlawgroup.com